2011-3060, Mr. Vega. That is correct, Your Honor. Your Honor, this case we're here now is now kind of a second appeal in the sense of we were here before by a couple of years on the same case but dealing with a different matter. But basically what this appeal basically involves is once again is what is the interpretation of the negotiated settlement agreement that was entered in February of 2007. As the court understands from the transcript and what's before this court is that back in 2007 there was an agreement entered whereby my client, Mr. Hernandez, had filed a complaint or agreements regarding his removal for a reprimand he'd been subjected to. And there was an agreement entered with the Department of Defense that in lieu of him withdrawing his appeal or his agreements that they went into an agreement. The agreement included that he would withdraw that because they removed the reprimand he then would be eligible to once again be put on the PPP or the Department of Defense Priority Placement Program which made him eligible to do that. That was part of the agreement. That was the intent at that time. He was, wasn't he? He had previously been considered for a period of four and a half months and we sent it back because there wasn't a year in accordance with the agreement. And then he got seven and a half more months and they didn't find him suitable. And so why wasn't the agreement fully performed? Well, Judge, because getting back to what's very interesting is what the Merit Suspension Board had said basically is when you enter into an agreement, because I reached the elements of obviously that they were acting in good faith, it mentions that it is well settled that implicit in any settlement agreement as an end of the contract, it is a requirement that the parties fulfill their respective contractual obligations in good faith. Even if we accept that proposition though, we've got the Mackley affidavit at the end of the day. Are you saying that she was not qualified to make these determinations? Are you saying that she made the wrong determination? Are you saying she just didn't support it enough? Why was that not at that point good faith consideration? The reason being is because of the fact that if we look again, that's why in our response we put an affidavit by my client and put a lot of the records. She made a very general statement of after an exhaustive review of my client's personnel file. Well, if you would have gone in there and looked at it, it would have shown that we put on the client's affidavit that's part of the record is that he had in fact done these two positions in the past. He was well aware of the chemicals that we're dealing with that needed to be separated, he needed to be documented, he needed to look at the material safety data sheets that come with that. Now you're questioning the question of his qualifications, whereas we're not here reviewing his qualification but whether the agency properly considered him for another seven and a half months. And they did consider him, didn't they? Well, they did, Your Honor, but the fact of the matter is, like I put in my brief, is that by the minute to that agreement, and they agreed to put him in the PPP program, as stated in this part of the record, it says this very clearly. It says that part of the program that the Department of Defense has earned a well-deserved reputation for making every effort to ensure continuing employment for the employees who are displaced through no fault of their own. Now, what I say that to say is because when they put an employee on the PPP program, that then makes an obligation on the Department of Defense to search out within the department whether there are any jobs openings out there that my client would be qualified for and he then would be given input. And then assuming a base level qualification, they receive a priority consideration. Is that right? Exactly. In fact, in there it says he's a priority one because he has been there for 22 years. Now, the administrative judge found that at least the first time through, they didn't properly consider his qualifications and it was just a sort of pro forma and said they have to do more analysis. Now, we've got an affidavit from Ms. Mackley saying she did that analysis. At what point do we get to the point where we're stepping over the line of questioning their qualification determination rather than questioning their good faith? Well, the fact is it gets back to, again, I rate that the decision by the MSPB was not based on substantial evidence. And I say that to say this court reviews a lot of the decisions based on was there enough evidence and there's substantial evidence to support that decision. And I am saying that based on all the evidence, and it says you've got to consider the whole record, not just what one says. If you consider the whole record, the 22 years, the fact my client has done that twice and the fact that he was well aware of that, had been trained, had took classes, had got certifications, had got promotions, had even been a leader at many times, that when you take the overwhelming record, how then can they say that they have complied with the requirement of substantial evidence to support the fact that they found that he was not qualified for any of these two positions? That's what we're saying. We're not getting into, in essence, the qualification, was there substantial evidence to support that? So what's the best remedy you could get from us? A remand for further consideration of his qualifications? Well, what I would ask, like I played in there, is if the court has all the record before it, is that he basically is qualified for one of the two. One of the two positions, that he awarded one of the positions, remanded back obviously for them to the Department of Defense and go through the process of what they have to do when they basically award a particular position for a particular individual. That is what we're saying, because if we go back and go remanded for the qualifications, then you get into a catch-22, which I agree. The department is saying that all this is about is qualifications. I don't agree with that. Obviously the qualification, that's one thing, but I also am saying that in order to get to that level, you have to have some kind of evidence. I mean, this court has held many decisions that say you have to come forward, agency, with some evidence of compliance. And compliance isn't just putting it back on the register. Compliance is if you comply with your responsibility under the agreement. And the agreement is your priority one under the PPP program. And therefore, we're going to look at your record, at your file, to determine whether you meet any of the qualifications of the criteria for either of these two positions. And it is our position, it is appealed, that the department did not do anything more when they first realized, when we objected and pointed out that this is no evidence to support their determination of compliance with the email and Mr. Woolley's other emails saying they were determination. Then the administrative just said, okay, well, you need more evidence. You've got to have an affidavit. So they said, go back, and they went, okay, let's get an affidavit from somebody else, basically saying the same thing, putting what those positions were. And like I put it, nothing more than just window dressing. There's nothing in there where they actually, if they did an exhaustive review of my client's personnel file, then where is it where they went through every part of his resume and the job that he did in the past? No, other than general, sorry, very general, we did an exhaustive review, and I found, that's what Ms. McGlick said is, I found him not to be qualified for these reasons. But then does admit that he did have trainings in certain areas for the two positions that he had, but determined that, no, but in my opinion, he still didn't have the one we specifically required. Then that gets into, okay, what evidence are you using that? Is there substantial evidence to support that in our position is, in our appeal, is that there is no substantial evidence to affirm the board's determination of agreeing with the Department of Defense that they have complied with the agreement and the determination that he was not well qualified for any of the two positions given the two different positions. And that is the whole critical thing is, what was the intent of the party? This court, in the last opinion, stated that if Mr. Hernandez only agreed that he would just be put on the PPP program and nothing else, then it's an illusory type of agreement because he gave up his appeal, his grievance, and the Department of Defense did nothing other than we'll put you back. And if that's what we agree with, because that's what the department is saying is, all we have to do to comply is put him on, register him again back on the program, and that was it. Well, if that's it… Didn't the DOD also find that she didn't meet, or he didn't meet all of the requirements, the KSA requirements? Yes, sir. She does say that. However, again, I go back to the fact that even in their documentation, I pointed out that they admit that my client had done those jobs. She had done some for 12 years and had experience for 21 years. And that gets back to, again, what evidence do they have to support that he didn't meet those qualifications, especially getting back to the evidence shows my client had done those two jobs in the past and had done them very well. Now, obviously, if he was not able to perform those jobs, he never would have been promoted, he never would have been given all these types of awards that he got during the time that he was with the particular Department of Defense in doing his job. So that is, the crux is, again, is that it is our position that if the court looks at the whole record, that there is no substantial evidence to support the determination of the court that my client was not qualified for any of the two positions. So, Bega, you wanted to say six minutes? That's correct, Your Honor. Thank you, Your Honor. Mr. Quind? Thank you, Your Honor. May it please the court. I think it's important at the outset to identify exactly what the MSPB did or determined in this case to then frame the scope of this court's review. The MSPB essentially made three determinations. First of all, it determined that the Department of Defense had complied with the settlement agreement by enrolling Mr. Hernandez in the Priority Placement Program, or PPP, for the relevant 12-month period, and that the Department of Defense had submitted an affidavit to explain the actions taken to do that. That's number one. Number two, it determined essentially implicitly that it had no jurisdiction to entertain most of what Mr. Hernandez is saying today, that is, to review the Human Resources Office consideration of Mr. Hernandez's qualifications for the particular positions in question. Number three, the board determined that the agency did not act in bad faith and that there was no evidence to support that allegation. So those are the three determinations that are… As to the first, you argue that all they had to do was place him in the program. I mean, you have two different sections of your brief that argue that that's enough. But in light of this court's prior order that said – prior opinion that said that that is an illusory action, how could that be enough? How could that ever be enough? Well, Your Honor, what the court said previously was this. Construing the settlement agreement as giving the agency the option not to enroll Mr. Hernandez in the PPP would come close to rendering the settlement agreement illusory. Well, we had originally argued… So you're saying enrollment, but even if you didn't fairly consider him for any position for which he might be qualified, that would have been enough? We're not saying that, Your Honor. We think that goes more to the bad faith – good faith analysis undertaken by the… So you're conceding that good faith is an underlying element of the settlement agreement and they had to enroll him and act in good faith in response to that enrollment? We did, Your Honor. Absolutely. The obligation to act in good faith is implicit in every agreement. We're not trying to get out from that in this case by any means. Okay. Now, do you disagree with the administrative judge's initial determination that there was not evidence of good faith initially based on the way you treated his consideration for these positions? I think, Your Honor, I mean, no. I think what the administrative judge found was that there was not sufficient evidence because there was no affidavit or declaration under penalty of perjury to that effect. And so the court said, well, I'm going to require that in this case. That's not there, and so I find that the agency is not in compliance with the agreement. That wasn't there. So in order to comply with what the judge wanted, the agency went back and executed the affidavit or had the human resources official execute the affidavit to explain what that office did to carry out the qualification. Is the Mackley affidavit enough to show good faith if essentially all it says is I considered his qualifications and I find him not to be qualified without going through all the detail of his qualifications? It probably would be sufficient, Your Honor. Again, for this court's review at this level, I'd say the answer would be yes. But, of course, she did much more than that. She explained – first of all, she attached the position descriptions to her affidavit, and she talked about specific requirements, KSAs, knowledge, skills, and whatnot that were in both those positions and contrasted them to Mr. Hernandez's background and experience. So there's far more than that. But our position is somewhat straightforward that under the terms of this settlement agreement that Mr. Hernandez agreed to, he was entitled to enrollment. He was entitled to the agency carried out in good faith. But as far as getting into how a human resources professional weighed what she considered or she considered in doing that review, that's beyond the scope of what was – of the agency's obligation to the settlement agreement. But in any event, she found that he lacks experience with the environmental rules and regulations for the maintenance of storage, disposal aspects of hazardous waste. That's rather specific. It was specific, Your Honor, because that's what the administrative judge insisted on. I think at that point for us to – I think the agency did the wise thing at that point. We're not going to tell the administrative judge she has no right to ask for that. In other words, she just didn't whitewash it. She was specific. She was specific, Your Honor, and again, she attached the position descriptions for everyone to review if the board chose to do that. But again, this goes back to the terms of the agreement that he be enrolled. We would say that that enrollment must be done in good faith. And if Mr. Hernandez could come in here and say, well, I was enrolled, but somewhere along the way I wasn't treated like everyone else who's enrolled in that program, he could have some basis to assert bad faith. But he doesn't in this case. He simply disagrees with the ultimate qualification review that was carried out. Is there a difference? I mean, assuming we didn't have a settlement agreement, clearly you have an argument that we can't second guess the qualification determination. But once we have a settlement agreement in place, what's the mechanism for policing that settlement agreement if the only way to show good faith is to show that the qualification determination was made in good faith? Well, there is, of course, a petition for enforcement. But once – again, Your Honor, the terms of this settlement agreement were rather straightforward. And so to the extent there's some policing to be done, it's to be done at the agency level, not at the board level, not a level that's going to entitle an applicant or an employee, a former employee to review by this court. And there are a number of agency actions along the way that have that, saying that the review is done internally. In this case, the Department of Defense regulations, the manual says that Mr. Hernandez is entitled to question the qualification review by asking for reconsideration of that decision. So he still does have that avenue. But to be sure, Your Honor, once he exhausts that avenue, our position is there is no board review at that point. So you have a written settlement agreement, and one of the parties to the settlement agreement is the one who determines whether or not they've complied with it. Is that how we're operating? Not entirely, Your Honor. I understand Your Honor's point. But in this case, the agreement was that he would essentially be thrown back in – thrown back to the agency for that determination. So that's essentially what Mr. Hernandez agreed to, is to be part of an agency-controlled process. It doesn't change it. For example, if we had agreed to – the government agreed to put him in some other agency's placement program and it would somehow be different because it's another agency administering. That's not what we have here. What we have is here the agreement that he – or his agreement that he would be returned and enrolled in the Department of Defense placement program. But again, with respect to the bad faith issue, the board considered the allegations of bad faith and found that there was nothing – there was no substance to them. And again, if he – if Mr. Hernandez could – had some evidence that he was not treated like every other person enrolled in the placement program, that obviously would change things quite significantly. But in this case, he didn't. Again, his only point is that I think I should have gotten one of those jobs. That's the decision of a human resources professional that goes along with enrollment in the placement program, and there's no evidence that she did not carry that out in good faith. I just want to point out that to the extent it's not subject to this court's review, what this court has held is that priority placement programs decisions that are made as part of a program that has not been approved by OPM. This is a somewhat technical kind of thing, but this is the court's decisions in Roberto and Sturdy that we cite in our brief. Those PPP decisions are not subject to review by this court. Were there settlement agreements in those cases? I do not believe so, Your Honor. In fact, I will say no, there were not settlement agreements. And definitely, settlement agreement definitely takes it out of this – changes things. But the point is what Mr. Hernandez agreed to was to be part of a program as to which there was no judicial review of decisions made as part of that program. If he can show that we violated – somehow the Department of Defense violated the settlement agreement and expressed term of the settlement agreement, that's one thing. But he agreed to be part of a program that had its own administrative review built into it. We think that's a very different situation. We'd just like to emphasize that the definition of well-qualified includes more than just the bare education and training required for a position. It is a term of art. It's in our supplemental appendix, page 36. And I think counsel may have misspoke. Mr. Hernandez has never held either of these positions previously. I think what he intended to say is that he had – he believes that Mr. – that his client had performed some of the duties within those job descriptions. But that's just one minor correction to that. And finally, just the obvious, at our supplemental appendix, page 34, there is this notion that the program consists of essentially two steps. There's a referral for certain positions, and then there's a separate consideration of whether a person is well-qualified for the job. They're not the same. And we feel in this case that the agency, again, did execute those tasks in good faith as shown in the affidavit. So for these reasons and the reasons articulated in our brief, we respectfully request that the court affirm the decision of the Merit Systems Protection Board. Thank you, Mr. Schwinn. Mr. Vega has a little time for rebuttal. Thank you, Your Honor. I'd like to start with the last point that Mr. Schwinn pointed out about determination of well-qualified. With determination of well-qualified, you've got to look, obviously, at the qualification of the individual. And if we look at the supplemental appendix, it does state that a well-qualified registrant possesses the knowledge, the skills, and abilities to successfully perform the duty of the position with no greater loss in productivity than would be expected during the orientation of any employee who is new to the organization. Then it goes on to say that basically that whatever factors that they will be taking into consideration, that they cannot be so restrictive that they run counter to the goal. They say the goal of placing the PPP registrants. That implicit saying is that the goal of the priority placement program is to place employees that are being displaced at no fault of their own, giving their qualifications for the positions that are available. But an agreement to put them on the PPP isn't an agreement to hire him. That is correct, Your Honor. But once again, when you enter into an agreement, one of the fundamental issues is going to be, like the last case is, what was the intent of the parties? Not only was to resolve the grievance that had been filed. The intent of the parties as demonstrated by the language of the agreement. Exactly, but also is when you have in there, and they drafted it, they incorporated that he will be registered with the priority placement program, which then kicks in all of these other provisions which state that the Department of Defense has a reputation of keeping employing their employees that have been displaced. That is that part of the program is to find other positions within the organization. How do you respond to the government's argument that, fairly or unfairly, your client entered into an agreement to enter into a program that had no judicial review with respect to its ultimate determination? Well, that I disagree. It basically is the fact that they have to. The cases state that whenever, and again, we did do it in basically a petition for enforcement, which then says that when we make that, we file a petition for enforcement, that they breached it, and we bring in elements of it. Then the agency has got to come forward with evidence of compliance. Then that triggers in that the court then can review whether or not their evidence shows that they've complied with the agreement that was entered into. So to basically, in a vacuum, say that you get into an agreement under the PPP, which is not subject to review, is totally wrong. Otherwise, then every employee that is just summarily dismissed doesn't have any rights, even though he has an agreement. But here, there is a mechanism that where one of the parties feels that the other party has breached it, you then file a petition for enforcement within the board. The board then looks at it, but the agency must come in with the evidence. We're saying that, again, all this is predicated on our petition to enforce, because when it went back down, like it says, that we were given the option of, do we want to go ahead and not go with it, or go with the reinstate the agreements that have been filed? We said, no, we still want to go with the enforcement of the agreement, which then means, okay, now you've got to show compliance. Once they've got to show compliance, that triggers in, obviously, this court's ability to review whether or not the evidence submitted meets the requirements. And it provides, under the statute, that this court can review decisions that are made, whether they are supported by substantial evidence or, as I alleged, the bad faith being arbitrary. The court then will review that evidence. And in determining whether there was substantial evidence, the court looks at the whole record, not just basically one affidavit, but the whole record. And that's why I included a lot of the documentation to this court to show all of the credentials my client had, and also the work that he'd done in the promotion of these guys, to show that if we look at the record as a totality of my client's employment for 22 years with the Department of Defense, it clearly establishes that the Department of Defense decision that my client was not well qualified is not supported by substantial evidence. But more importantly, once again, getting back to the fact of enacting a bad faith, that they're saying, okay, we decide whether or not you're qualified or not, and that's it, you can't review it. It's basically a position where an agreement is meaningless to the employee because, again, you're going to have the wolf in the chicken coop patrolling himself whether or not there were any chickens missing. And here, like Justice McAleenan pointed out, is that why are we not able to review whether or not there was compliance in the sense of the good faith element? Because, again, the department, it gets back to the department's position, is fundamentally one that is contrary to the basic rudimentary elements of contract that basically the court has pointed out, the menis vivi, is that fundamentally one acts in good faith, that one determines that the other side is going to be acting in fairness with the position of the other side. The court says basically that good faith performance or enforcement of the contract emphasizes faithfulness to an agreed common purpose in consistency with the justified expectations of the other party. It excludes a variety of types of conduct characterized as involving bad faith because they violate community standards of decency, fairness, and reasonableness. That is, when you enter into an agreement, one has a right to expect that the other party, likewise, is going to be fair, reasonable, and act in good faith as you did. Otherwise, then contract law would be totally abolished and any expectancies that somebody would have would be fruitless in any attempt to try and enforce a contract. And it's our position that the board, when they look at this case, that one, that the decision by the American Protection Board is void, that there is no substantial evidence to support that decision. And then secondly, by the decision made by the department, that there's not any restricting in bad faith, and we ask that they be reversed. Thank you. Mr. Vega, we'll take the case on review. Thank you, Your Honor.